UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELLA DENISE BLACK,

    Plaintiff,

v.                                                 Case No. 05-72199

U.S. EQUAL EMPLOYMENT              Honorable Patrick J. Duggan
OPPORTUNITY COMMISSION,
CARLTON M. HADDEN, DIRECTOR and
DEPARTMENT OF HOMELAND
SECURITY, MICHAEL CHERTOFF,
SECRETARY,

    Defendants.
_____/

**<u>OPINION AND ORDER</u>**
**<u>GRANTING DEFENDANTS' MOTION TO DISMISS</u>**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on February 28, 2006.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                         U.S. DISTRICT COURT JUDGE

On June 8, 2005, Plaintiff filed a *pro se* Complaint against Defendants the U.S. Equal Employment Opportunity Commission and Carlton Hadden, Director of the Office of Federal Operations of the United States Equal Employment Opportunity Commission [hereinafter collectively referred to as "the EEOC"], as well as the Department of Homeland Security and Michael Chertoff, the Secretary of the Department of Homeland Security [hereinafter

collectively referred to as "the DHS"].[1]  Presently before the Court is Defendants' Motion to Dismiss pursuant to Rules 12(b)(1) and (2) of the Federal Rules of Civil Procedure, filed on January 13, 2006.

## I.     Background

Plaintiff was a former employee of the DHS who was discharged.  After her discharge, Plaintiff filed an employment discrimination complaint with the EEOC alleging that her discharge was based on discrimination, reprisal, and whistle-blowing activities.  In her Complaint, Plaintiff alleges that despite numerous attempts to learn of the status of her discrimination claim, she did not receive the EEOC's decision regarding her discrimination claim and the EEOC refused to mail her a copy of the decision. There is no indication in the record before the Court as to how the EEOC decided Plaintiff's discrimination claim. Plaintiff asks the Court to: (1) order the EEOC to provide Plaintiff with a copy of its decision; and (2) extend the time within which Plaintiff may appeal the EEOC's decision if she is unsatisfied with their decision.

First, Defendants argue that Plaintiff, who has filed a number of prior lawsuits arising from her discharge from the DHS, makes no new, specific allegations against DHS. According to Defendant, if Plaintiff's Complaint is interpreted as alleging a cause of action against DHS, these cases have been dismissed in prior actions.

Although Plaintiff names Defendant DHS and Defendant Chertoff in her Complaint,

---

[1] Because a suit against an agency employee in his or her official capacity is actually a suit against the agency itself, *see Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105 (1985), the Court will include Defendant Hadden in its analysis of Plaintiff's claims against the EEOC and Defendant Chertoff in its analysis of Plaintiff's claims against the DHS.

the Complaint itself does not make any allegations against DHS. Rather, Plaintiff's Complaint alleges that the EEOC failed to send her a copy of their decision regarding Plaintiff's discrimination claim against DHS. Therefore, Defendants DHS and Chertoff must be dismissed.

Second, Defendants argue that Plaintiff's claims against the EEOC must be dismissed pursuant to Rules 12(b)(1) and (2) of the Federal Rules of Civil Procedure. Defendant contends that the Court lacks subject matter over Plaintiff's claims against the EEOC because neither Title VII, 42 U.S.C. 2000e *et seq.*, nor the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, grant this Court jurisdiction to hear Plaintiff's claims. Because the Court does not believe that it has subject matter jurisdiction, the Court need not address Defendants' argument that Plaintiff's Complaint fails to state a claim upon which relief may be granted and must be dismissed pursuant to FED. R. CIV. P. 12(b)(2).

## II.   Standard of Review

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the court's jurisdiction over the subject matter of the lawsuit. The plaintiff has the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000). Although the pleadings of a *pro se* plaintiff are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972), a Rule 12(b)(1) motion to dismiss will be granted if, taking all the facts alleged in the complaint as true, the court is without subject matter jurisdiction to hear the claim. *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

### III. Discussion

Defendants contend that the Court lacks subject matter jurisdiction and Plaintiff's Complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(1).

Federal courts are courts of limited jurisdiction possessing only that power granted by the Constitution or authorized by Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). A district court may hear a case only if it is authorized to do so by a congressional grant of jurisdiction. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S. Ct. 2099, 2104 (1982). In this case, Plaintiff has failed to set forth a basis for this Court's subject matter jurisdiction in her Complaint.

Title VII does not provide this Court with jurisdiction. Title VII provides federal courts with three grants of jurisdiction: (1) section 706(f)(3), 42 U.S.C. § 2000e-5(f)(3), which authorizes federal courts to hear enforcement actions alleging employment discrimination by private parties, the Attorney General, or the EEOC; (2) section 707(b), 42 U.S.C. § 2000e-6(b), which grants the federal courts jurisdiction over actions brought by the EEOC against persons engaged in patterns or practices of resistance to the goals of Title VII; and (3) section 717(c), 42 U.S.C. § 2000e-16(c), which authorizes federal employees and applicants for federal employment to sue discriminatory federal employers. In this case, Plaintiff is alleging that the EEOC improperly handled her discrimination claim against a third party. Thus, none of Title VII's jurisdictional grants apply.

In addition, the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, provides no independent jurisdictional basis for a suit against a federal agency. *See, e.g.*, *Califano v.*

*Sanders*, 430 U.S. 99, 105 (1977); *Morris v. Sullivan*, 897 F.2d 553, 556 (D.C. Cir. 1990).

Consequently, because Plaintiff cannot establish that this Court has subject matter jurisdiction, her Complaint must be dismissed pursuant to FED. R. CIV. P. 12(b)(1).

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss is **GRANTED**.

                                  s/PATRICK J. DUGGAN
                                  UNITED STATES DISTRICT JUDGE

Copies to:

Geneva S. Halliday, AUSA

Della Denise Black-Gates
Warren, MI 48089